IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

JESSICA SMITH,                                                                                          PLAINTIFF

vs.                                           Civil No. 6:25-CV-6028

FRANK BISIGNANO,                                                                                     DEFENDANT
Commissioner, Social Security Administration

**MEMORANDUM OPINION**

Jessica Smith ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her application for Disability Insurance Income ("DIB") and Supplemental Security Income ("SSI") under Title II and XVI of the Act.

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 7.[1]) Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

1. **Background:**

Plaintiff protectively filed her disability application on August 19, 2021. (Tr. 25.) In this application, Plaintiff alleged being disabled due to generalized anxiety disorder, borderline

---

[1] The docket numbers for this case are referenced by the designation "ECF No. ___" The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 8. These references are to the page number of the transcript itself and not the ECF page number.

1

personality disorder, major depressive disorder, severe binge eating disorder, opioid/alcohol use disorder, and bipolar disorder. (Tr. 268.) Plaintiff alleged an onset date of March 10, 2020. (Tr. 25.) These applications were denied initially and again upon reconsideration. *Id*. Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. *Id*.

An Administrative Law Judge ("ALJ") conducted this hearing via telephone on March 26, 2024. (Tr. 48-84.) At this hearing, Plaintiff was present and was represented by counsel, Shannon Muse Carroll. *Id*. Plaintiff and Vocational Expert ("V.E."), Elizabeth Clem, testified at this administrative hearing. *Id*.

On April 11, 2024, the ALJ entered a fully unfavorable decision denying Plaintiff's application. (Tr. 25-39.) The ALJ determined Plaintiff met the insured status requirements of the Social Security Act through September 30, 2020. (Tr. 27, Finding 1.) The ALJ also determined, Plaintiff has not engaged in substantial gainful activity since March 10, 2020. 20 C.F.R. §§ 404.1571 *et. seq*., and 416.971 *et. seq*. (Tr. 27, Finding 2.)

The ALJ then determined Plaintiff had the severe impairments of depressive disorder, anxiety disorder, bipolar disorder, and borderline personality disorder. 20 C.F.R. §§ 404.1520(c) and §§ 416.920(c). (Tr. 27, Finding 3.) However, the ALJ determined Plaintiff did not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1.  20 C.F.R. §§ 404.1520(d), 404.1524, 416.920(d), 416.925, and 416.926. (Tr. 28, Finding 4.)

The ALJ determined Plaintiff has the Residual Functional Capacity (RFC) to perform a full range of work at all exertional levels but with the following nonexertional limitations: can understand, remember, and carry out simple but not complex instructions; can have no interaction

with the general public; and no more than occasional interaction with supervisors and coworkers. (Tr. 31, Finding 5.)

The ALJ determined Plaintiff had no Past Relevant Work ("PRW"). (Tr. 38, Finding 6.) However, the ALJ found there were jobs in significant numbers in the national economy that Plaintiff could perform. (Tr. 38, Finding 10.) These positions include laundry worker with approximately 75,000 jobs nationally, machine operator with approximately 45,000 jobs nationally, and housekeeper with approximately 175,000 jobs nationally. *Id.* Based upon this finding, the ALJ determined Plaintiff had not been under a disability, as defined in the Social Security Act, from March 10, 2020, through the date of the ALJ's decision 20 C.F.R. §§ 404.1520(g) and 416.920(g). (Tr. 39, Finding 11.)

Plaintiff requested the Appeals Council's review of this unfavorable decision. (Tr. 17.) The Appeals Council denied this request on February 12, 2025. (Tr. 1-7.) Thereafter, on March 18, 2025, Plaintiff filed her complaint in this Court. (ECF No. 2.) Both Parties have filed their appeal briefs, and this matter is now ripe for consideration. (ECF Nos. 12, 14.)

2. **Applicable Law:**

In reviewing this case, the Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *See* 42 U.S.C. § 405(g); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *See Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

If substantial evidence supports the ALJ's conclusion, the Court cannot reverse simply because substantial evidence also supports a different outcome. *Jones v. Astrue*, 619 F.3d 963, 968

(8th Cir. 2010); *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). Therefore, "if after reviewing the record, the court finds that it is possible to draw two inconsistent positions from the evidence and one of those positions represents the ALJ's findings, the court must affirm the ALJ's decision." *Goff v. Barnhart*, 421 F.3d 785, 790-91 (8th Cir. 2005); *Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See* 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); *Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the RFC to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See* 20

C.F.R. § 404.1520(a)-(f); *Cox,* 160 F.3d at 1206; The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached.  *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

### 3. **Discussion:**

In her appeal brief, Plaintiff raises the following arguments for reversal: (1) the ALJ failed to consider facts that support Plaintiff meeting the Listing requirements; (2) the ALJ failed to consider Plaintiff's subjective complaints; and (3) the ALJ failed to present a proper hypothetical which resulted in an incomplete RFC assessment. (ECF No. 12.)  In response, Defendant argues the ALJ did not err in any of his findings. (ECF No. 14.)

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's

5

arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision. Accordingly, the ALJ's decision is hereby summarily affirmed, and Plaintiff's Complaint is dismissed with prejudice. *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (unpublished per curiam).

4. **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence, and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of November 2025.**

/s/ *Spencer G. Singleton*
HONORABLE SPENCER G. SINGLETON
UNITED STATES MAGISTRATE JUDGE